# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

## STREET'S WESTERN STABLE CAR LINE
### v.
## LOUIS BONANDER.

*Opinion filed April 16, 1902.*

1. ABSTRACTS—*evidence should be condensed in narrative form in abstract of record.* An abstract of record is required by the rules of the Supreme Court to be an abridgment of the record, and where the record contains evidence the same must be condensed in narrative form in the abstract, so as to clearly and concisely present its substance.

2. BRIEFS—*brief and argument should not rehearse the evidence.* Under the rules of the Supreme Court the evidence should not be copied at length in the brief and argument, but reference should be made to the abstract of record for the same.

3. TRIAL—*when the court's refusal to direct a verdict is proper.* The court's refusal to direct a verdict for the defendant in an action by a car repairer for personal injuries is proper, under evidence that the plaintiff was directed by the defendant's foreman to work between cars on a switch track which was not the repair track; that the foreman ordered part of the cars on such track removed; that he saw a string of cars being kicked back on the switch track toward the cars where plaintiff was working but did not give plaintiff warning, although he knew he was there.

4. MASTER AND SERVANT—*servant does not assume increased hazard from master's negligence.* The risks arising from the usual method

of doing work in a switch yard is assumed by a car repairer, but he does not assume the increased hazard from the master's negligence while doing the work in accordance with such method.

*Street's West. Stable Car Line* v. *Bonander*, 97 Ill. App. 601, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

O. W. DYNES, for appellant.

JOHN E. HUNT, and DOUTHART & BRENDECKE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Street's Western Stable Car Line is a corporation which owns and keeps in repair stock cars and leases them to different railroads. On August 24, 1896, some of these cars were in service on the Chicago and Northwestern railway and were temporarily in the switch yards of that railway in Chicago. The switch yards consisted of twenty-one parallel tracks, and the lines of cars on the several tracks were three or four feet from each other. Some of these tracks were repair tracks, where cars which were in bad order were stored for the purpose of being repaired, and such tracks were flagged, blocked or closed, so that the cars could not be moved while repairs were being made. There were other cars, which it was not necessary to take to the repair track, which needed slight repairs, and these slight repairs, such as tightening a nut, putting on a new one, adjusting a brake-shoe, and the like, the men did on the switch tracks, where the cars were liable to be moved and switched at any time. The appellant had in its employ a foreman inspecting its cars in the switch yards and marking those which were in bad order and were to be sent to the repair track. He also controlled the men who made the slight repairs on

the regular switch tracks. Louis Bonander, appellee, was a car repairer in the employ of appellant and had worked for it between two and three years. He and Louis Erickson, another car repairer, were set to work by appellant's foreman on that morning in the switch yards examining the cars and making slight repairs to them as they went along, wherever they found it necessary. They went to work at seven o'clock, and between ten and eleven o'clock were working on track No. 17. The foreman, inspecting cars on that track, found some beyond the place where they were at work which were in bad order and needed to be sent to the repair track. He marked the cars and directed the switching crew of the railway company to take them out. The switching crew, in obedience to the direction, pulled out from the track the west half of the line of cars, about fifteen or twenty in number, and after switching out the bad order cars kicked back on the track the remaining string of cars. One of the switching crew rode the cars to within three or four lengths of the cars which were standing still and then jumped off. The cars were disconnected from the engine, had no brakes set on them and were running free. They struck the line of standing cars and shoved them along one or two car lengths. Bonander and Erickson were making repairs on a car in the line of standing cars. Bonander was between two cars screwing up a nut on a three-quarter bolt on the draft timbers. Erickson was at the opposite end of the same car, driving a bolt in the front of the car. When the string of cars were kicked against the standing cars, shoving them along, Bonander was knocked down and one of his legs was cut off and the remaining foot was injured. Erickson, hearing the bumping before the shock came, got hold of a grab-iron on the end of the car and saved himself from being thrown down. This suit was brought by Bonander, the appellee, to recover his damages, and he obtained a judgment for $1000, which was affirmed by the Appellate Court.

But one assignment of error is argued, and that is the refusal of the court to direct a verdict for the defendant. The argument is directed solely to the proposition that the trial court ought to have given such a direction because there was no evidence that defendant was guilty of negligence, and because the injury arose from an assumed risk, and resulted solely from the negligence of the plaintiff and his fellow-servant, Erickson.

In attempting to present the questions involved the rules of the court have been violated and disregarded, both in the abstract and the brief and argument. An abstract is required by the rule to be an abridgment of the record, and where the record contains the evidence it must be condensed in narrative form in the abstract, so as to clearly and concisely present its substance. In the abstract in this case, although no ruling of the court concerning any question or answer is complained of, the entire evidence is printed at length by question and answer, with prolix and tedious examination and cross-examination, the same as it appears in the record, involving the same labor as reading the record. The rule applicable to brief and argument provides that evidence shall not be copied at length in the argument, but that it shall refer to the abstract for the same. In this case, all the testimony which counsel for appellant deems important is again printed at length in the form of question and answer, the same as in the abstract and record.

Upon reading the evidence and considering the argument of counsel we are satisfied that the court was right in refusing to direct a verdict. It was proved that defendant's foreman ordered part of the cars on the track pulled out and saw them cut off from the standing cars, and knew they would be kicked back, as they were, within a few minutes. The evidence tended to prove that he stood on an adjoining line of cars, and that he knew the plaintiff and Erickson were working among the standing cars. He gave them no notice or warning of what was

being done, and neither plaintiff nor Erickson knew the cars had been pulled out or would be kicked back. The foreman told them in the morning, in a general way, to watch out, but gave no warning of the imminent danger from the kicking of the long line of cars at the time it was done. The evidence fairly tended to prove negligence on the part of the defendant in the direction given by its foreman and failing to notify the plaintiff.

Neither could the court rightfully direct a verdict on the ground that plaintiff or his fellow-servant was guilty of negligence. The evidence for the plaintiff tended to show that plaintiff knew and appreciated the dangers of the place where he was working and was on the alert for his safety, and had been during the whole morning preceding the injury. He would look up the track to see if any cars were coming or switching being done, and would go in between the cars and do his work and get out as quickly as possible. He had worked for the defendant between two and three years, and at times had worked on these tracks, but the evidence was that he had not worked on them that year but had been working on the repair track where cars were not moved. He had had no recent experience in the methods of handling cars on these tracks. The contention that he was negligent in not having Erickson watch out for him, or that Erickson, his fellow-servant, was negligent, is not sustained by the evidence. The custom was to have one of the men stand out by the side of the car to give warning, where one of them was required to go under a car, but the evidence was that it was not the custom where they went between the cars to make slight repairs. The risks arising from the usual method of doing the work in the switch yard was assumed by the plaintiff, but not the increased hazard from negligence of the defendant in doing the work in accordance with such method.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*